IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SYNERGISTIC
INTERNATIONAL, L.L.C.,

        **Plaintiff,**

v.                                         Civil No. 2:05cv49

**JODY FINE KORMAN, individually,
and d/b/a THE WINDSHIELD DOCTOR®,
A WINDSHIELD DOCTOR, and
GLASS DOCTOR,**

        **Defendant.**

## OPINION & ORDER

This matter is before the Court on Plaintiff's motion for entry of its bill of costs. Doc. 43. This Court previously awarded Plaintiff its "taxable costs in prosecuting this action . . . ." Synergistic Int'l, L.L.C. v. Korman, 402 F. Supp. 2d 651, 667 (E.D. Va. 2005), aff'd in part, vacated in part, 470 F.3d 162 (4th Cir. 2006). The Fourth Circuit did not vacate the Court's awarding of taxable costs. See 470 F.3d at 176. Plaintiff seeks $8,278.97 in costs. Doc. 43. Defendant raised objections as to $8,128.97 of these costs. The Court hereby **SUSTAINS** Defendant's objections in part and **ORDERS** that Defendant shall reimburse Plaintiff for Plaintiff's costs in the amount of **$5,970.26** for the reasons that follow.

### I. Legal Standard

### A. Procedural Rules & Statutes

Plaintiff moved for entry of an award of costs in the amount of $8,278.97, or such amount as the Court deems proper, in accordance with Federal Rule of Civil Procedure 54(d)(1)

("Federal Rule 54(d)") and Local Civil Rule 54(D) ("Local Rule 54(D)").  Doc. 43.  Federal Rule 54(d)(1) simply provides that costs other than attorneys' fees "may be taxed by the clerk on one day's notice.  On motion served within 5 days thereafter, the action of the clerk may be reviewed by the Court."  Local Rule 54 provides the briefing schedule for a motion to enter a bill of costs and that a party may not recover costs that are excessive.  Local Rule 54(D) & (E).  While the Clerk has authority under the local rule to make initial determinations of costs, the local rule gives the Clerk the option of referring the application for the bill of costs to the district judge if the Clerk "is unable to determine all or some of the properly chargeable costs."  Local Rule 54(D)(2).  The local rule also provides that the bill of costs filed shall be "as provided in 28 U.S.C. §§ 1920 and 1924 . . . ."  Local Rule 54(D)(1).  Section 1920 provides that

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)     Fees of the clerk and marshal;
>
> (2)     Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3)     Fees and disbursements for printing and witnesses;
>
> (4)     Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5)     Docket fees under section 1923 of this title;
>
> (6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Section 1924 requires that the party requesting entry of its bill of costs must aver that the bill is "correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."  28 U.S.C. § 1924.

A court's discretion to tax costs under Federal Rule of Civil Procedure 54(d)(1) is limited to those costs specifically enumerated in 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987) ("[Section] 1920 defines the term 'costs' as used in Rule 54(d)."). The Supreme Court held that Federal Rule 54(d) provides courts with the "power to decline to tax, as costs, the items enumerated in § 1920," rather than with discretion to also award costs not enumerated under § 1920. Id. at 442.[1] The prevailing party bears the burden of showing that the requested costs are allowed by § 1920. Cofield v. Crumpler, 179 F.R.D. 510, 514 (E.D. Va. 1998). Once the prevailing party makes this showing, the burden shifts to the losing party to show that taxation of such costs would be improper. Id. (citing Principe v. McDonald's Corp., 95 F.R.D. 34, 35 (E.D. Va. 1982)).

## II. Discussion

### A. Fees of the Clerk

#### 1. Complaint Filing Fee

The filing fee is imposed by the Clerk, and is therefore a fee imposed by the Clerk or Marshal under 28 U.S.C. § 1920(1). Defendant does not object to being taxed for the filing fee of $150.00. Doc. 46 at 2. The Court therefore **HOLDS** that the taxation of the filing fee is proper under 28 U.S.C. § 1920 and awards Plaintiff its filing costs of $150.00.

---

[1] While the Lanham Act also provides for the taxing of costs, 15 U.S.C. § 1117(a), the Court declines to use the Lanham Act to award costs unenumerated in 18 U.S.C. § 1920. See PETA v. Doughney, 263 F.3d 359, 371 (4th Cir. 2001) (affirming a district court's refusal to use the Lanham Act to award costs beyond those enumerated in § 1920, because, even if the district court were permitted to do so, such an award would be within the district court's discretion); see also Local Rule 54(D) (specifically requiring that bills of cost be submitted in accordance with 28 U.S.C. §§ 1920 & 1924).

### 2. Pro Hac Vice Fees—$150.00

Defendant objects to Plaintiff's request for reimbursement of $150.00 in pro hac vice fees, because "this type of cost is not provided for in [28 U.S.C. § 1920]. This is a cost that was incurred for the convenience of the Plaintiff's attorneys and should not be included in the Bill of Costs." Id. Plaintiff responds that pro hac vice fees are "fees of the Clerk" under 28 U.S.C. § 1920(1). Doc. 48 at 3. The Court agrees that these are "fees of the Clerk," as the Court's local civil rules require pro hac vice applicants to "pay the required fee to the Clerk." Local Rule 83.1(D)(2). The Court therefore **DENIES** Defendant's objection to the pro hac vice fees and **HOLDS** that the taxation of pro hac vice fees is proper under 28 U.S.C. § 1920 and awards Plaintiff its costs of $150.00 therefore.

### 3. Private Process Servers

Plaintiff paid private process servers $25.00 for service of the Complaint and $46.00 for service of a subpoena duces tecum on Steven Allen Korman. Defendant objects to the taxation of these costs because the text of 28 U.S.C. § 1920(2) limits recovery of service of process costs to service of process performed by the U.S. Marshal. Doc. 46 at 2-3. While there is a split in the caselaw over whether current civil practice—which relies much more on private process servers than on the U.S. Marshal—renders private service a fee of the Marshal for the purposes of 28 U.S.C. § 1920(2), see Cofield, 179 F.R.D. at 514-16 (collecting cases), in the Eastern District of Virginia such costs are not taxable under § 1920. Id. at 516 (citations omitted). Accordingly, the Court **SUSTAINS** Defendant's objection to the taxing of Plaintiff's private process server costs.

### B. Fees of the Court Reporter and Costs Incident to Taking Depositions

4

Defendant's general objection to these copy costs is that, while Defendant concedes that she should be taxed a portion of these costs, she objects to being taxed for unnecessary "expedited" preparation and delivery of transcripts. See Doc. 46 at 3-5. Defendant argues that such unwarranted expediency was merely for the convenience of counsel. Id.

### 1. June 29, 2005 Plaintiff's Depositions by Zahn Reporting

Zahn Reporting, of Norfolk, prepared transcripts for Plaintiff of Plaintiff's deposition of Defendant and Defendant's vice-president Wallace LaDale Talley. These depositions were taken on June 29, 2005. Plaintiff ordered the transcripts the same day on an expedited basis for $1,082.52. See Doc. 44, Ex. C. Zahn Reporting charged a $50.00 reporting fee, $10.00 for an electronic final copy of the transcripts, and $9.00 for delivery by United Parcel Service ("UPS"). Id. Zahn Reporting charged $669.12 for the expedited delivery of Defendant's 136-page deposition and $344.40 for the expedited delivery of the vice-president's deposition. Id. While the per page cost is not listed, a rate of $4.92 per page may be inferred from the invoices. See id. (reflecting a total of 206 "units" for both depositions).

Defendant argues that any costs incurred by expeditious delivery are only related to the convenience of Plaintiff's counsel. Doc. 46 at 3. Defendant further argues that Plaintiff did not file its summary judgment motion until August 15, 2005, and that expedited service was therefore unnecessary. Id. Defendant objects to the $9.00 UPS charge on the same grounds. Id.

Plaintiff has not provided the Court with Zahn Reporting's standard costs, even after receiving Defendant's objection to the cost associated with expedited preparation. See Doc. 48. Plaintiff summarily responds by pointing out a single case from this district where expedited fees were taxed to the losing party. Doc. 48 at 4 (citing Principe v. McDonald's Corp., 95 F.R.D. 34,

36 (E.D. Va. 1982)).  However, this reference begs the question, as <u>Principe</u> held only that the costs related to the expedient preparation of a trial transcript in <u>Principe</u> were "necessary to counsel's effective performance and proper handling of the case." <u>Principe</u>, 95 F.R.D. at 36 (internal quotation marks and citations omitted).  The <u>Principe</u> court did not further elaborate as to why such expedient preparation was necessary, and <u>Principe</u> did not hold that costs to expedite the preparation of transcripts are always subject to taxation under § 1920(2).  <u>See</u> <u>id.</u>

While Plaintiff has met its burden to show that expedited fees may be taxed under § 1920(2), Defendant has also met her burden by showing that the taxation of costs would be improper in light of Plaintiff's failure to justify the expeditious preparation.  Accordingly, the Court **SUSTAINS** Defendant's objection to costs related to the expedited preparation of the transcripts.  Plaintiff is not entitled to reimbursement for the $9.00 UPS charge, and Plaintiff is entitled to reimbursement for the transcript at its official Court Reporter's standard rate of $3.30 per page.  The Court considers its official Court Reporter's standard rate to be reasonable, and the Court is not otherwise satisfied with Plaintiff's explanation as to why the expedited preparation of this transcript was necessary.  Plaintiff is, however, entitled to reimbursement for the reporting fee of $50.00 and the electronic copy fee of $10.00.  Accordingly, the Court **HOLDS** that taxation of **$739.80** in costs is proper under 28 U.S.C. § 1920 for the Zahn Reporting transcripts.

## 2. August 1, 2005 Defendant's Depositions by Reporters.com

Defendant deposed Robert Tunmire, Plaintiff's president, and Robert Morrison, a local manager of Plaintiff, on August 1, 2005.  Defendant also deposed Danny Dangerfield, although his deposition does not appear to have been placed in the record by either party.  Plaintiff

ordered an original and one copy of each deposition on an expedited basis for $1,083.00. An invoice dated August 4, 2005 shows a non-itemized expedited cost of $1,083.00; this does not reference the number of pages or to what degree the service was expedited. The item description is dated August 1, 2005. Defendant repeats the same arguments she made against taxing Zahn Reporting's expedited costs, again conceding that the taxation of a part of these costs would be proper. See Doc. 46 at 4. Regarding the Zahn Reporting expenses above, the Court Reporter's standard rate of $3.30 was approximately sixty-seven (67) percent of Zahn Reporting's expedited rate of $4.92. As Defendant concedes that the taxation of a portion of Reporters.com's costs would be appropriate, id., the Court will similarly discount the Reporters.com costs to determine the amount taxable to Defendant. The Court therefore **SUSTAINS** Defendant's objection to the Reporters.com costs, and **HOLDS** that the taxation of **$725.61** is proper under 28 U.S.C. § 1920 for the costs associated with the Reporters.com transcripts.

### 3.  Sept. 19, 2005 Damages Hearing Transcript

The September 19, 2005 transcript was prepared by the Court Reporter at her standard rate of $3.30 per page, for a total cost of $310.20. Doc. 44, Ex. E. Plaintiff ordered the transcript on September 28, 2005, and it was completed on October 4, 2005. Id. Defendant argues that because the parties knew the Court was going to enter summary judgment for Plaintiff before the damages hearing, and because Defendant did not notice its appeal until October 28, 2005, this transcript was not necessary to the action. Id. Plaintiff argues that the transcript was necessary "to the proper handling of the litigation" because the transcript "represented the sole opportunity to put forward Synergistic's case in open court, and . . . was necessary to preserve oral rulings made by the Court as Synergistic attempted, at the Court's

direction, to attempt to resolve this matter through settlement." Doc. 48 at 4.

While Defendant's argument had some merit at the time the September 19, 2005 transcript was ordered, Defendant's notice of appeal rendered the transcript necessary. The Court accordingly **DENIES** Defendant's objection to the September 19, 2005 transcript costs and **HOLDS** that the taxation of **$310.20** in costs for this transcript is proper under 28 U.S.C. § 1920.

### C. Photocopies

Plaintiff requests reimbursement of $5,365.24 in photocopy expenses. Plaintiff's counsel represent that their photocopy costs include, "inter alia, . . . exhibits filed with the Court, boxes of documents produced to Korman in response to Korman's requests for production of documents, and numerous exhibits for trial pursuant to the Final Pre-Trial Order . . . . [and] copies of a substantial number of documents, including cases, in support of its case in chief, some of which were also provided to the Court." Doc. 44 at 7-8. Kilpatrick Stockton L.L.P. asserts that $1,640.80 in photocopy costs represent a charge of $0.15 per page for in-house copying. See Doc. 44 at 8-9 & Ex. D. However, it appears that this charge more accurately reflects $66.25 for an unknown number of color photocopies and $1,574.55 for 10,497 black and white copies at $0.15 per page. See Doc. 44 at 8-9. Willcox & Savage P.C. charged Plaintiff $1,893.00 for 9,465 black and white copies at $0.20 per page. Id. at 8-9 & Ex. B. Finally, Ikon Office Solutions charged $1,831.44 for large copy jobs and Bates numbering at an undisclosed rate per page. See Doc. 44 at 8.

Defendant agrees that she should be taxed some portion of Plaintiff's photocopying expenses, but complains that Plaintiff's counsel appear to be attempting to tax all of their

8

copying expenses to Defendant. Doc. 46 at 5-6. Defendant argues that counsel's bills fail to provide sufficient information with which to determine what portion of the copies were necessarily obtained for use in this case, as opposed to copies merely for counsel's convenience. Id. Defendant also argues that without invoices from Ikon Office Solutions, the Court cannot determine which of those expenses were necessary for this case. Id. at 6. Defendant further objects to the per-page rate charged for the firm's in-house copying and argues that she should not be taxed more than $0.10 per in-house copy. Id. Plaintiff responds by representing that all of the photocopies made were necessary for the litigation and the per-page charges for in-house copying were the actual costs charged to Plaintiff by the law firms. Doc. 48 at 5-6.

The Court **DENIES** Defendant's objection as to the Ikon Office Solutions charges of $1,831.44. Plaintiff represented that such costs were incurred for large copy jobs and Bates-numbering. The Court **HOLDS** that such costs were necessary to the litigation and are properly taxable to Defendant.

The Court **SUSTAINS** Defendant's objection as to the color photocopies prepared in-house by Kilpatrick Stockton L.L.P. Plaintiff has failed to satisfy the Court that color copies were necessary to the litigation.

While Plaintiff asserts several reasons for making photocopies, Plaintiff's invoices fail to breakdown photocopying expenses by the reasons served. See Doc. 44, Exs. B & D. While Plaintiff's stated reasons do appear necessary to the litigation, Plaintiff's use of "inter alia" along with the stated reasons gives the Court pause for concern, especially after Defendant's objections were made known to the Plaintiff. See Doc. 44 at 7 & Doc. 46 at 5-6. Without information sufficient to assess the quantity of photocopies that were necessary to the litigation, the Court, in

9

an exercise of its broad discretionary powers in awarding costs, **HOLDS** that the quantity of black and white photocopies made in-house by the law firms was necessary to this litigation, but **SUSTAINS** Plaintiff's objection as to the cost per page charged by the law firms. The Court does not doubt that the law firms actually billed Synergistic for in-house copies at the asserted rates. However, it is difficult to believe that it costs one law firm five cents more per page to photocopy a document than it does another. As Defendant has conceded that at least a portion of the photocopying costs is taxable, the Court hereby **HOLDS** that the taxation of Plaintiff's black and white in-house copying expenses is proper at the rate of $0.10 per page, for a total of **$1,996.20**. Including the Ikon Office Solutions charges, Plaintiff is therefore entitled to reimbursement for a total of **$3,827.64** in photocopying expenses under 28 U.S.C. § 1920.

### D.  Certified Copy of Trademark Registration–-$67.01

Plaintiff seeks reimbursement of $67.01 in costs incurred to obtain a current certified copy of its trademark registration. Doc. 44 at 9. Defendant agrees that she normally could be taxed such exemplification fees under § 1920, but objects on the grounds that Plaintiff should have already had several certified copies of its trademark registration in its possession, and that, therefore, the current certified copy was unnecessary. Doc. 46 at 5. In rebuttal, Plaintiff argues that it has to show in each action that its trademark registration is "currently valid and in good standing." Doc. 48 at 6. The Court **DENIES** Defendant's objection and **HOLDS** that taxation of **$67.01** in costs incurred to obtain a current certified copy of Plaintiff's trademark registration is proper under 28 U.S.C. § 1920.

### III.  Defendant's Financial Condition

Defendant concludes by arguing that her financial condition should be considered by the

Court when assessing taxable costs.  Doc. 46 at 7.  Plaintiff responds by emphasizing that taking such a consideration into account is not mandatory.  Doc. 48 at 2.  However, the Court would be within its discretion to consider Defendant's financial condition.  See Cherry v. Champion Int'l Corp., 186 F.3d 442, 447-48 (4th Cir. 1999).  In Cherry, the Fourth Circuit reversed a district court's refusal to tax costs to a losing litigant who was of "modest means."  Id. at 447.  The Fourth Circuit reversed because the district court failed to "address whether Cherry was of such modest means that it would be unjust or inequitable to enforce Rule 54(d)(1) against her" and because the district court's consideration of the prevailing party's relative means was improper.  Id. at 447-48.  The Court declines to exercise its discretion to consider Defendant's financial situation in taxing Plaintiff's cost.  The Court has sustained many of Defendant's objections to the costs Plaintiff sought to recover, and the evidence of Defendant's financial condition in the record is insufficient for the Court to consider Plaintiff's relative means in taxing Plaintiff's costs to Defendant, cf. Cherry at 447-48.

## IV.  Conclusion

Plaintiff moved the Court for entry of its bill of costs, which sought reimbursement for $8,278.97 in expenses.  Doc. 43.  Defendant raised objections as to $8,128.97 of these costs.  The Court hereby **SUSTAINS** Defendant's objections in part and **ORDERS** that costs of **$5,970.26** are taxable to Defendant for the reasons stated herein.  Plaintiff's motion for entry of its bill of costs is accordingly **DENIED** in part and **GRANTED** in part.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to counsel of record.

It is so **ORDERED**.

                                                        /s/
                                    HENRY COKE MORGAN, JR.
                            SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 8, 2007